# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-60314

United States Court of Appeals
Fifth Circuit

**FILED**

July 16, 2018

Lyle W. Cayce
Clerk

FANNIE MAE JENNINGS,

> Plaintiff - Appellant

v.

WAL-MART, INCORPORATED,

> Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:15-CV-622

Before KING, SOUTHWICK, and HO, Circuit Judges.

PER CURIAM:*

On March 14, 2014, Fannie Mae Jennings was fired by Wal-Mart Store 981 in Meridian, Mississippi. Jennings, an at-will employee and 79 years old at the time of the firing, had been employed by Wal-Mart as a sales associate for 28 years. On June 10, 2014, Jennings filed a charge with the Equal Employment Opportunity Commission, alleging race and age discrimination, hostile work environment, and retaliation claims under Title VII of the Civil

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60314

Rights Act, 42 U.S.C. § 1981, and the Age Discrimination in Employment Act. She also asserted state law claims of breach of contract and intentional infliction of emotional distress.  On March 24, 2017, the district court granted summary judgment for Wal-Mart as to all of Jennings' claims.  Jennings now appeals the dismissal of her race discrimination, age discrimination, hostile work environment, and retaliation claims.

We review a district court's grant of a motion for summary judgment *de novo*, applying the same standard as the district court.  *Moss v. BMC Software, Inc.*, 610 F.3d 917, 921 (5th Cir. 2010).  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a). Mere conclusory allegations are insufficient to defeat a motion for summary judgment.  *Moss*, 510 F.3d at 921.

The district court's grant of summary judgment for Wal-Mart as to all of Jennings' claims was premised on Wal-Mart's presentation of a wholly neutral rationale for Jennings' dismissal.  That is, Jennings had recently received her fourth disciplinary notice ("Coaching," in Wal-Mart's corporate parlance) based on unexcused absence.  And, as a matter of its internal Coaching for Improvement Policy, Wal-Mart automatically fires an employee who receive a fourth Coaching within twelve months of the date of the third Coaching.  At her deposition, Jennings stated that she was unaware of this internal Wal-Mart discipline policy.

Against this backdrop of Wal-Mart's facially neutral Coaching for Improvement Policy, the district court found that Jennings had not presented sufficient evidence so as to substantiate any of her claims and present any genuine issues of material fact.  We are persuaded that the district court was correct to grant summary judgment for Wal-Mart as to all claims.  And on appeal, Jennings presents no new facts or arguments to suggest anything to

the contrary.  We will not, absent any proof, "assume that the nonmoving party could or would prove the necessary facts."  *McCallum Highlands, Ltd. v. Wash. Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995).

Our review of the summary judgment record confirms that Jennings's claims are wholly unsubstantiated by her evidence.  To create a fact issue over whether she was absent on numerous occasions, Jennings contends that she carpooled with another employee, Jennifer Griffin, who was always punctual.  Griffin's deposition was explicit that she stopped carpooling with Jennings after Griffin was promoted to manager in 2012—well before the alleged infractions.  Business records submitted by Wal-Mart confirm that Griffin was indeed promoted in mid-2012.  Griffin did eventually submit an affidavit, claiming she and Jennings continued to carpool after the promotion.  But this affidavit was produced only after the district court entered summary judgment for Wal-Mart.

Next, Jennings claims that Wal-Mart's records and documents showing her absences and formal reprimands were fabricated.  She submits no evidence to support this assertion.  Jennings can point to various awards and certificates she received from Wal-Mart.  But none of these awards were issued in the years she received reprimands for her absences.  Jennings also claims that Wal-Mart approved several of her absences and gave her confirmation numbers.  In support, Jennings supplied an undated, handwritten document.  Wal-Mart, for its part, explained that confirmation numbers only reflect that the absence was reported, not approved.

Finally, Jennings asserts that two younger, white sales associates received higher pay and were never forced to unload freight trucks.  Apart from having no evidence of their pay, neither associate is an appropriate comparator because neither worked in the same department as Jennings or for the same supervisor.  *See Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009)

## No. 17-60314

("Employees with different supervisors[ or] who work for different divisions of a company . . . will not be deemed similarly situated."). Jennings also claims that her replacement was a younger white woman, giving rise to an inference of animus. But no evidence shows that her replacement was treated better. In fact, her replacement was paid less than half of what Jennings made and was fired within weeks of accumulating three unapproved absences.

The judgment of the district court is AFFIRMED.